# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS – EASTERN DIVISION

| | |
|---|---|
| Najah Dawaji | ) |
| | ) |
| Plainitff | ) |
| | ) |
| vs. | )    NO. 13 cv 6404 |
| | ) |
| | ) |
| Sunney Kohlhoss and | ) |
| Morad Askar | ) |
| | ) |
| Defendants | ) |
| | ) |

## RESPONSE TO JOINT MOTION TO DISQUALIFY PLAINTIFF'S COUNSEL

NOW COMES the Plaintiff, **Najah Dawaji,** by and through her attorney, **Joel A. Brodsky**

and in response to the motion of the Defendants to disqualify Plaintiff's attorney states as follows:

Defendant's have brought this motion under United States District Court For the Northen

District of Illinois Local Rule 83.53.7. However, the initial problem for the Defendants is that this

rule no longer exists.   General Order 11-0019 of the Northen District of Illinois,  effective June 2,

2011, amended the existing Rules of Professional Conduct (Local Rules 83.50.1 through 83.58.4

[83.58.5]) by replacing them in their entirety. Now, according to Local Rule 83.50, the ABA Model

Rules of Professional Conduct apply, except where inconsistent with the Illinois Rules, and where

inconsistent, the Illinois Rules of Professional Conduct governs.   ABA Model Rule of Professional

Conduct 3.7 is the applicable rule in this case. This rule is identical to Illinois Rule of Professional

Conduct 3.7.   ***Defendants should have known this***.

> "The relevant rule here is American Bar Association Model Rule 3.7. The
> disciplinary rules that apply in bankruptcy cases are the disciplinary rules that apply
> in the district court. See Bankr. Ct. L.R. 9029-4A; Levit v. Herbst (In re Thomas
> Consol. Indus., Inc.), 289 B.R. 647, 652 (N.D. Ill. 2003). Local Rule 83.50 of the
> district court provides that the applicable disciplinary rules are the ABA Model Rules.
> See Dist. Ct. L.R. 83.50. (There are exceptions when the ABA Model Rules are
> inconsistent with the state disciplinary rules that apply to Illinois attorneys or to

lawyers from other states, see id., but Huck is admitted in Illinois, and Rule 3.7 of the Illinois Rules of Professional Conduct is identical to ABA Model Rule 3.7, see Ill. Rules of Prof'l Conduct R. 3.7 (2010).) *Schenberg v. Leventhal (In re Kubiak-Leventhal), 2012 Bankr. LEXIS 1328 (Bankr. N.D. Ill. Mar. 22, 2012)*

ABA Model Rule of Professional Conduct 3.7 and Illinois Rule of Professional Conduct 3.7

state as follows:

"(a) A lawyer shall not act as advocate at a trial in which the lawyer is **likely to be a necessary witness** unless:
(1) the testimony relates to an uncontested issue;
(2) the testimony relates to the nature and value of legal services rendered in the case; or
(3) disqualification of the lawyer would work substantial hardship on the client.
(b) A lawyer may act as advocate in a trial in which another lawyer in the lawyer's firm is likely to be called as a witness unless precluded from doing so by Rule 1.7 or Rule 1.9." (emphasis added)

The law on disqualification of an attorney is clear that such a motion is strongly disfavored,

and is to be looked upon with caution and suspicion.

"Disqualification of an attorney is a "drastic measure which courts should hesitate to impose except when absolutely necessary." This is because disqualification of counsel deprives a party of the representation of their choosing. *Id* . A motion to disqualify counsel may sometimes be legitimate and necessary, but "such motions should be viewed with extreme caution for they can be misused as techniques of harassment." *Freeman v. Chicago Musical Instrument Co., 689 F.2d 715, 721 (7th Cir. 1982).* (internal citations omitted)

"However, we also recognize that Owen is entitled to a degree of deference in the prerogative to proceed with counsel of her choice, and that disqualification is "a 'drastic measure which courts should hesitate to impose except when absolutely necessary.'" *Owen v. Wangerin, 985 F.2d 312, 317 (7th Cir. Wis. 1993)*

"Disqualification is a "drastic measure that courts should impose only when absolutely necessary." Owen v. Wangerin, 985 F.2d 312, 317 (7th Cir. 1993) (citations omitted). Motions to disqualify "should be viewed with extreme caution for they can be misused as techniques of harassment."" *Bogosian v. Board of Educ. of Community Unit Sch. Dist. 200, 95 F. Supp. 2d 874, 875 (N.D. Ill. 2000)*

"Conversely, our courts disapprove of the use of disqualification motions as a tactical weapon in litigation insofar as such motions can be misused for purposes of harassment. Such motions also serve to destroy the attorney-client relationship by preventing a party from freely retaining the counsel of his or her choice. Thus, disqualification is regarded as a drastic measure which **courts should grant only when the movant can show that the lawyer's testimony is likely to prejudice**

-2-

*the testifying lawyer's own clients.*" *Weil, Freiburg & Thomas, P.C. v. Sara Lee Corp., 218 Ill. App. 3d 383, 396 (Ill. App. Ct. 1st Dist. 1991)* (internal citations omitted) (emphasis added)

Therefore, an attorney disqualification is a drastic measure, viewed with extreme caution, that should only be instituted where absolutely necessary. Such is clearly not the case here. In the instant case, the motion for attorney disqualification is the textbook example of the motion being misused as a "technique of harassment" by the Defendants.

Defendant's in this case attached 100's of pages of documents from the Plaintiff and Defendant Askar's divorce case. Why? This case has nothing to do with the divorce case, except perhaps as to the issue of damages. This case has everything to do with the indirect criminal contempt case, where Defendant Kholhoss acted as the appointed "special prosecutor" while at the same time she was Defendant Askar's divorce lawyer. If there ever was a case of conflict of interest, that was one. The instant motion is a case of the pot calling the kettle black.

Could the attachment of the voluminous pages from the divorce case be the Defendant's tactic of using the federal court's dislike for getting entangled in divorce matters to mislead the court as to what the real issue is? Plaintiff can think of no other reason to attach such large number of irrelevant exhibits to what should be a straight forward motion, where the only question is whether or not Plaintiffs attorney is a necessary witness for his client. One example of where he would be a necessary witness would be sufficient, and the Defendants have not even given this court that one example. The burden of showing that the Plaintiffs attorney will be a necessary witness for his client, or will testify against his client, is on the movant, here the Defendants.

"Conversely, our courts disapprove of the use of disqualification motions as a tactical weapon in litigation insofar as such motions can be misused for purposes of harassment. Such motions also serve to destroy the attorney-client relationship by preventing a party from freely retaining the counsel of his or her choice. Thus, disqualification is regarded as a drastic measure which *courts should grant only when the movant can show* that the lawyer's testimony is likely to prejudice the testifying lawyer's own clients." *Weil, Freiburg & Thomas, P.C. v. Sara Lee Corp., 218 Ill. App. 3d 383, 396 (Ill. App. Ct. 1st Dist. 1991)* (internal citations omitted)

(emphasis added)

"In moving to disqualify appellants' chosen counsel, the government bears a heavy burden of establishing that disqualification is justified." ***United States v. Diozzi, 807 F.2d 10, 12 (1st Cir. Mass. 1986)***

Defendants state in section "A" of their motion that Plaintiff's attorney is a witness to certain events in his client's case. The absurdity of the Defendants stating who the Plaintiff must call to prove her case aside, such is not the standard. It is not that Plaintiffs attorney may possibly be a witness, or that witnessed certain events; the standard under Rule of Professional Conduct 3.7 is that he is likely to be a "necessary witness". In other words that he is the only witness to a fact necessary to the Plaintiffs case. Plaintiff can assure this Court that he can prove his clients case with a large number of witnesses other than himself. There are multiple witnesses to each and every fact necessary to prove the Plaintiffs case. Further, many of the facts are in pleadings, transcripts, and court orders; such as the fact that in the face of Rule of Professional Conduct 8.4(g), which says that an attorney shall not "present, participate in presenting, or threaten to present criminal charges, or professional disciplinary charges, to obtain an advantage in a civil matter", Defendant Kohlhoss stated in her motion to dismiss the contempt charges that the charges were being dismissed due to the settlement in the divorce case. In this pleading alone Attorney Kohlhoss admits the gravamen of the Plaintiffs entire case. Liability in the instant case is probably just a matter of summary judgment, rather than any evidentiary hearing.

On the other hand, we also note that disqualification, as a prophylactic device for protecting the attorney-client relationship, is a drastic measure which courts should hesitate to impose ***except when absolutely necessary.*** ***Freeman v. Chicago Musical Instrument Co., 689 F.2d 715, 721 (7th Cir. Ill. 1982)*** (emphasis added)

"There must be a reasonable possibility some ***specifically identifiable impropriety*** occurred in order to warrant disqualification." ***Cossette v. Country Style Donuts, Inc., 647 F.2d 526, 530 (5th Cir. Fla. 1981)*** (emphasis added)

It remains that Defendants cannot point to one fact, one piece of evidence, that the Plaintiff's attorney was the sole witness too. Unless they can do this, their motion is not well taken.

Disqualification is a choice of last resort, and without such specificity, the motion should be denied.

> "We do think, however, it would have been better practice for the court to have conducted at least a colloquy with counsel to clarify the positions of the parties before reaching a decision. Such a discussion might have developed any number of predicates for making for a more informed decision, such as the probability of an advice of counsel defense or other need for Mr. Spina's testimony, or the effectiveness of redacting Mr. Spina's name from relevant exhibits, a limited disqualification, or other less drastic alternatives to address the conflict problem. ***United States v. Defazio*, 899 F.2d 626, 632 (7th Cir. Ill. 1990)**

Indeed, as is suggested in ***Defazio***, id., if Plaintiff's attorneys name appears on any transcript, order, or pleading, it can easily be redacted so that the trier of fact does not have to see that he is the same as the attorney presenting the case for Plaintiff. If he was a witness to an event, another witness can be called to testify to that event. (***United States v. Ewing*, 979 F.2d 1234, 1237 (7th Cir. Ill. 1992)**, disqualification is not necessary where the attorneys testimony is merely cumulative of other witnesses) This is the type of alternative to disqualification that the Seventh Circuit suggests in ***Defazio***, id.

Further, the failure to disqualify an attorney is not reversible error, even if the attorney does testify, especially if the reason he testifies is due to the actions of the opposing party. ***Gusman v. Unisys Corp.*, 986 F.2d 1146 (7th Cir. Wis. 1993)**

Finally, plaintiffs claim that because they are going to contest certain facts and assert that Plaintiff were "unable to demonstrate, and knew they could not substantiate, their contention that Plaintiff was entitled to $750,000 in martial assets, and child support and maintenance in the amount of $5000 per month", is a reason to disqualify Plaintiffs attorney. This is a fallacious argument. If the Plaintiff would have been unable to prove this in the divorce case, then she will be unable to prove it in this case as an element of damages, with the same attorney. Who the attorney is will be of no consequence to whether or not she will be able to prove damages. Plaintiffs attorney was not a witness regarding the monetary evidence in the divorce case, and therefore is not a witness to damages in this case. Plaintiff will present the same evidence to the

trier of fact she was presenting to the divorce court, and was forced to stop presenting when she was intimidated into a settlement by the criminal contempt charges. It will be up to the trier of fact to determine if she would have gotten more but for the intimidation of the frivolous and unfounded indirect criminal contempt proceedings.

Finally, the Defendants state that Plaintiffs attorney is involved in some sort of "antics" in the divorce case, and that somehow requires his disqualification in the instant case. They do not, nor can they, cite one case in favor of this unique proposition.. While their concern for the Plaintiff incurring her attorney's "billable hours", is admirable, such an issue is none of their business. Perhaps not filing motions such of the instant motion will keep the billable hours down? Further, the Defendant's allegation that Plaintiffs attorney's pointing out an obvious conflict between Defendant Attorney Kohlhoss and her co-defendant (and still client) Defendant Askar merits Plaintiffs attorney's disqualification is nonsensical. Further, and more to the point, *it does not make Plaintiffs attorney a necessary witness*. However, even if Plaintiffs attorney purported ongoing representation in the divorce case did create an issue at one time, it no longer does as Plaintiffs attorney no longer represents the Plaintiff in the divorce case. Plaintiff is now *pro-se* in that case.

WHEREFORE, Plaintiff prays that this Court enter an order denying the Defendants motion to disqualify her counsel, and for such other relief as the Court deems fit to effectuate it's order and the rights of the parties to counsel of their choice.


Plaintiff Najah Dawaji


By:_____/s/ Joel A. Brodsky_____
      Joel A. Brodsky her Attorney

**Joel A. Brodsky**
Attorney for Plaintiff Najah Dawaji
8 S. Michigan Ave.
Suite 3200
Chicago Illinois 60603
(312) 541-7000
jbrodsky@joelbrodskylaw.com

## CERTIFICATE OF SERVICE

The undersigned attorney certifies that the following statements set forth in this instrument are true and correct: that I caused to be served the above and foregoing Notice of Motion Plaintiff's Response to Motion To Disqualify via the U.S. District Court's Electronic Filing System to all parties of record on the 23rd day of October, 2013 before 12:00 midnight

Plaintiff Najah Dawaji

By: _____ /s/ Joel A. Brodsky _____
Her Attorney

**Joel A. Brodsky**
Attorney for Plaintiff
8 S. Michigan Ave.
Suite 3200
Chicago Illinois 60603
(312) 541-7000